**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

---

**No. 99-60711
Summary Calendar**

---

**CHARLIE TRIPLETT,**

**Plaintiff-Appellant,**

**versus**

**GOODWAY TRANSPORT, INC.; SCHANNO TRANSPORTATION, INC.;
and GARY LEE BORING,**

**Defendants,**

**SCHANNO TRANSPORTATION, INC. and GARY LEE BORING,**

**Defendants-Appellees.**

---

**Appeal from the United States District Court
for the Southern District of Mississippi
Lower Court Docket 3:97-CV-317-WS**

---

August 28, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Appellant Charlie Triplett contests the district court's denial of his motion for judgment as a matter of law or for new trial. Finding no error of fact or law, we affirm.

For reasons clearly stated in the district court's post-trial opinion, we agree that Triplett failed to preserve at

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

trial his right to move for judgment as a matter of law under Rule 50(b). We affirm the denial of the motion for judgment as a matter of law on this ground.

In addition, the district court properly denied the motion for new trial. Absent "'a clear showing of an abuse of discretion,'" we will not reverse the trial court's decision to deny a new trial. <u>Hidden Oaks, Ltd. v. City of Austin</u>, 138 F.3d 1036, 1049 (5th Cir. 1998), quoting <u>Dawsey v. Olin Corp.</u>, 782 F.2d 1254, 1261 (5th Cir. 1986). In order to make such a "'clear showing,'" Triplett would have to demonstrate "'an absolute absence of evidence to support the jury's verdict.'" <u>Hidden Oaks</u>, 138 F.3d at 1049, quoting <u>Dawsey</u>, 782 F.2d at 1262.

Triplett is unable to make this showing. At trial, the defendants offered abundant, if not conclusive, testimony both that Boring was not negligent and that the accident did not proximately cause compensable injuries to Triplett. Whether this testimony was credible was a question for the jury, not for the courts. The district court could not have abused its discretion in refusing to find the jury's verdict "contrary to the great weight of the evidence." <u>Hidden Oaks</u>, 138 F.3d at 1049.

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

2